IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD ATKINSON,

    Plaintiff,                    Case No. 2:11-cv-2389 JAM DAD PS

    vs.

COUNTY OF EL DORADO, et al.,      ORDER

    Defendants.

_____/

    Plaintiff, proceeding pro se, commenced this action on September 9, 2011, by filing a complaint and paying the required filing fee. The Clerk has issued a summons as to two defendants. The case has been referred to the undersigned pursuant to Local Rule 302(c)(21).

    On January 9, 2012, counsel for defendants filed a joint request to continue the Status (Pretrial Scheduling) Conference, currently set for January 13, 2012, until sometime after March 5, 2012. Good cause appearing, IT IS ORDERED that:

    1. The Status (Pretrial Scheduling) Conference set for Friday, January 13, 2012, is continued to **April 6, 2012 at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27 before the undersigned;

    2. Any party may appear at the Status (Pretrial Scheduling) Conference telephonically if the party pre-arranges such appearance by contacting Pete Buzo, the courtroom

deputy of the undersigned magistrate judge, at (916) 930-4128 <u>at least 48 hours before the Status (Pretrial Scheduling) Conference</u>;

    3. Plaintiff shall file and serve a status report on or before **March 23, 2012,** and defendants shall file and serve status reports on or before **March 30, 2012**. Each party's status report shall address all of the following matters:

    a. Progress of service of process;

    b. Possible joinder of additional parties;

    c. Possible amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and the scheduling thereof;

    f. Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

    g. Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

    h. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

    i. Whether the case is related to any other case, including matters in bankruptcy;

    j. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of his so acting, or whether they prefer to have a Settlement Conference before another magistrate judge;

    k. Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

    l. Any other matters that may aid in the just and expeditious disposition of this action;

    4. Plaintiff is advised, again, that failure to file a timely status report, or failure to appear at the status conference either in person or telephonically, may result in a recommendation

1 that this action be dismissed for lack of prosecution and as a sanction for failure to comply with
2 court orders and applicable rules. <u>See</u> Local Rules 110 and 183.
3 DATED: January 10, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7 DAD:6
Ddad1\orders.pro se\atkinson2389.ossc.cont