1

2

3

4

5

6

7

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DONALD ATKINSON,

11      Plaintiff,                    Case No. 2:11-cv-2389 JAM DAD PS

12  vs.

13  COUNTY OF EL DORADO, et al.,      FINDINGS AND RECOMMENDATIONS

14      Defendants.

15  _____/

16      Pursuant to the court's order to show cause filed on July 12, 2012 (Doc. No. 14),

17  plaintiff was required to show cause in writing no later than August 1, 2012, as to why this case

18  should not be dismissed for lack of prosecution.  Plaintiff was cautioned that failure to file the

19  required written response would result in a recommendations that this case be dismissed.

20  Nonetheless, plaintiff has not responded to the court's order to show cause in any way.

21                          PROCEDURAL HISTORY

22      Plaintiff, proceeding pro se, commenced this action on September 9, 2011, by

23  filing a complaint and paying the required filing fee.  (Doc. No. 1.)  The Clerk issued a summons

24  as to two defendants and the case was referred to the undersigned pursuant to Local Rule

25  302(c)(21).

26  /////

1

On September 19, 2011, the court issued an order setting a Status (Pretrial Scheduling) Conference for hearing before the undersigned on January 13, 2012.  (Doc. No. 4.) By order filed January 11, 2012, the status conference was continued, pursuant to the parties' joint request, to April 6, 2012.  (Doc. No. 6.)  The January 11, 2012 order required that plaintiff file and serve a written status report on or before March 23, 2012, and appear at the status conference either in person or telephonically.  The order also advised plaintiff that:

> failure to file a timely status report, or failure to appear at the status conference either in person or telephonically, may result in a recommendations that this action be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules.  See Local Rules 110 and 183.

(Doc. No. 6 at 2-3.)  Plaintiff did not file a status report and did not appear at the April 6, 2012 Status Conference.

By order filed April 9, 2012, the undersigned continued the status conference to July 6, 2012.  (Doc. No. 11.)  The April 9, 2012 order required that plaintiff file and serve a written status report on or before June 22, 2012, and appear at the July 6, 2012 Status Conference either in person or telephonically.  The order also advised plaintiff, once again, that plaintiff's failure to file a timely status report or appear at the status conference could result in a recommendation that this action be dismissed for lack of prosecution.  (Doc. No. 11 at 2-3.) Plaintiff, however once again, did not file a status report and did not appear at the July 6, 2012 Status Conference.

On July 12, 2012, the undersigned issued and Order to Show Cause, ordering plaintiff to show cause in writing within twenty-one days of that date of that order as to why this case should not be dismissed due to plaintiff's lack of prosecution.  (Doc. No. 14.)  The twenty-one day period has expired and plaintiff has not responded to the court's order in any way.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 398 (9th Cir. 1998); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992); <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  <u>Hernandez</u>, 138 F.3d at 398; <u>Ferdik</u>, 963 F.2d at 1260.

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  <u>Id.</u>

Here, plaintiff has twice failed to file timely status reports as ordered by the court and has repeatedly failed to appear at scheduled status conferences.  The court issued an Order to Show Cause that provided plaintiff with an opportunity to file a writing indicating his intention to prosecute this action, but plaintiff has failed to respond to that order in any way.  The Order to Show Cause specifically warned plaintiff that failure to file the required writing would result in a recommendation that this case be dismissed.  In light of that warning, plaintiff's failure to respond should be deemed a statement of non-opposition to the recommendation that this case be dismissed.

Moreover, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against

3

dismissal.  However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility as to any defendant.  The undersigned will therefore recommend that this action be dismissed without prejudice as to all defendants due to plaintiff's failure to prosecute as well as his failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's claims against all defendants be dismissed without prejudice due to lack of prosecution, as evidenced by plaintiff's repeated failure to file status reports, appear at status conferences, and his failure to respond to the July 12, 2012 Order to Show Cause; and

2.  This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\atkinson2389.dlop.f&rs

4